**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

**AMERICAN GENERAL LIFE
INSURANCE COMPANY,**

      **Plaintiff,**

**v.**

**TINA BROOKS-HAYZLETT and**

**LAURIE JEAN JACOBSON,**

      **Defendants.**

Case No. <u>1:21-cv-45-GNS</u>

**COMPLAINT FOR INTERPLEADER RELIEF**

    Plaintiff, American General Life Insurance Company, by its undersigned attorneys, hereby files its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 against Defendants, Tina Brooks-Hayzlett and Laurie Jean Jacobson, and states as follows:

**Parties**

    1.    American General Life Insurance Company ("American General") is a Texas insurance company with its principal place of business in Harris County, Texas.

    2.    Upon information and belief, Tina Brooks-Hayzlett is a citizen and resident of the Commonwealth of Kentucky, residing in Warren County, Kentucky.

    3.    Upon information and belief, Laurie Jean Jacobson is a citizen and resident of the State of South Dakota, residing in Miner County, South Dakota.

**Jurisdiction and Venue**

    4.    This Court has original jurisdiction of this civil action of interpleader pursuant to 28 U.S.C. § 1335. American General has in its custody or possession money or property of the

1

value of $500 or more to which two or more adverse claimants of diverse citizenship may claim to be entitled. Therefore, the minimal diversity required by 28 U.S.C. § 1335 exists.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because at least one of the Defendants resides in this District.

### Factual Background

6.      On or about June 1, 1986, American General issued life insurance policy number B10008397L insuring the life of Kenneth N. Dunn (the "Decedent") with a face amount of $30,000 (the "Policy"). *See* Specimen Copy of Policy, attached hereto as **Exhibit A**.

7.      On or about August 5, 1994, American General received a request to change the primary beneficiary of the Policy to Defendant Laurie Jean Jacobson, the Decedent's then-wife. American General is unable to locate a copy of the August 5, 1994 change of beneficiary request. However, the attached letter dated August 3, 2001 evidences the primary beneficiary of the Policy was Laurie Jean Dunn, Spouse. *See* August 3, 2001 Letter, attached hereto as **Exhibit B**.

8.      Upon information and belief, the Decedent and Defendant Laurie Jean Jacobson divorced on or about July 30, 2018. *See* Excerpts of Final Decree, attached hereto as **Exhibit C**. Thereafter Laurie Jean Dunn reverted to her maiden last name Jacobson. Therefore, the Laurie Jean Dunn referenced in the August 3, 2001 Letter and Defendant Laurie Jean Jacobson are the same person.

9.      The Final Decree approved, ratified, and confirmed the Decedent and Defendant's Marital Dissolution Agreement dated February 15, 2018. *See id.*; *see also* Marital Dissolution Agreement, attached hereto as **Exhibit D**. The Marital Dissolution Agreement makes no provision for the disposition of the Policy. *See* **Exh. D**.

10.     Upon information and belief, the Decedent passed away on or about November 9, 2019.

11.     As a result of the Decedent's death, the Policy's death benefit became due and payable to the beneficiary or beneficiaries.

12.     In early 2020, American General was informed of the Decedent's death by Defendant Tina Brooks-Hayzlett. Defendant Tina Brooks-Hayzlett stated the Decedent had submitted a change of beneficiary form in September 2018 naming her as the 100% primary beneficiary.

13.     On or about February 21, 2020, Defendant Tina Brooks-Hayzlett submitted a claim to the Policy death benefit. *See* Tina Brooks-Hayzlett Claimant's Statement, attached hereto as **Exhibit E**.

14.     In connection with her claim to the Policy death benefit, Defendant Tina Brooks-Hayzlett also submitted a Change of Beneficiary naming her as the 100% primary beneficiary of the Policy purportedly signed by the Decedent on September 15, 2018. *See* **Exh. E**.

15.     American General has no record of receiving the September 15, 2018 Change of Beneficiary Form prior to it being provided by Defendant Tina Brooks-Hayzlett on or about February 21, 2020. Furthermore, American General has reasons to doubt the authenticity of the September 15, 2018 Change of Beneficiary Form, including that the purported signature of the Decedent does not match previous signatures of the Decedent and that Defendant Tina Brooks-Hayzlett has submitted two different Change of Beneficiary Forms, one purportedly signed on September 15, 2018 and one purportedly signed on September 20, 2018. *See* September 20, 2018 Change of Beneficiary Form, attached hereto as **Exhibit F**.

16.     On or about May 1, 2020, American General sent a letter to Defendant Tina Brooks-Hayzlett requesting a copy of any letter sent by American General to the Decedent confirming that Defendant Tina Brooks-Hayzlett was named as primary beneficiary. *See* May 1, 2020 Letter, attached hereto as **Exhibit G**. To date, Defendant Tina Brooks-Hayzlett has not provided a copy of any such letter.

17.     On or about June 18, 2020, Defendant Laurie Jean Jacobson submitted a claim to the Policy death benefit. *See* Laurie Jean Jacobson Claimant's Statement, attached hereto as **Exhibit H**.

<u>**Count One**</u>

**Interpleader Relief**

18.     American General incorporates Paragraphs 1-17 herein by reference.

19.     American General is unable to determine the proper beneficiary of the Policy death benefit.

20.     American General is unable to determine the authenticity of the September 15 or September 20, 2018 Change of Beneficiary Form naming Defendant Tina Brooks-Hayzlett as the 100% primary beneficiary of the Policy.

21.     American General's only record of the beneficiary of the Policy is the August 3, 2001 Letter stating the primary beneficiary of the Policy was Laurie Jean Dunn, Spouse.

22.     Defendants Tina Brooks-Hayzlett and Laurie Jean Jacobson have each submitted claims to the Policy death benefit.

23.     As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and American General is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

24.     American General is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Annuity.

25.     American General should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of American General.

26.     American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

27.     Contemporaneous with the filing of this Complaint for Interpleader Relief, American General will move for leave to deposit into the registry of the Court the death benefit due and owing under the Policy, plus accrued interest, if any.

28.     American General alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 1335 and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

### Relief Requested

WHEREFORE, Plaintiff American General Life Insurance Company requests the following relief:

a.    That Defendants be enjoined from instituting or prosecuting against American General any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under American General Life Insurance Policy Number B10008397L and on account of the death of Kenneth N. Dunn, and that said injunction issue without bond or surety;

b.    That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

c.    That this Court determine and declare the rights of the Defendants to the death benefit due and owing under American General Life Insurance Policy Number B10008397L;

d.    That this Court discharge American General of and from any and all further liability under American General Life Insurance Policy Number B10008397L and on account of the death of Kenneth N. Dunn;

e.    That this Court excuse American General from further attendance upon this cause and dismiss American General from this case, with prejudice;

f.    That this Court enter an order awarding American General its costs and attorneys' fees in connection with this action, to be deducted from the death benefit due and owing under American General Life Insurance Policy Number B10008397L; and

g.    That this Court grant American General such other and further relief as this Court deems just and equitable.

Dated: March 15, 2021                         Respectfully submitted,

*/s/ Matthew T. Lockaby*
Matthew T. Lockaby
Tamara J. Patterson
Lockaby PLLC
1795 Alysheba Way, Suite 4207
Lexington, Kentucky 40509
T:  859.263.7884
F:  844.270.3044
E:  mlockaby@lockabylaw.com
     tpatterson@lockabylaw.com

*Attorneys for Plaintiff,*
*American General Life Insurance Company*