UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00045-GNS

AMERICAN GENERAL LIFE INSURANCE COMPANY                    PLAINTIFF

v.

TINA BROOKS-HAYZLETT; and
LAURIE JEAN JACOBSON                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Change Venue (DN 12).  The

motion is ripe for the adjudication.  For the reasons outlined below, the motion is **DENIED**.

**I.      STATEMENT OF FACTS AND CLAIMS**

On June 1, 1986, American General Life Insurance Company ("American General")

issued a life insurance policy (the "Policy") to Kenneth N. Dunn ("Decedent") in the amount of

$30,000.  (Compl. ¶ 6, DN 1).  Defendant Laurie Jean Jacobson ("Jacobson") was listed as the

primary beneficiary of the Policy.  (Compl. ¶ 7).

Jacobson and Decedent were married but divorced on July 30, 2018. (Compl. ¶¶ 8-9).

Decedent died on November 9, 2019, and upon his death the Policy's benefit became due and

payable to the beneficiary.  (Compl. ¶¶ 10-11).  In early 2020, Defendant Tina Brooks-Hayzlett

("Brooks-Hayzlett") contacted American General regarding Decedent's death and stated that

Decedent had submitted a change of beneficiary form in September 2018 naming her the sole

beneficiary.  (Compl. ¶ 12).  On February 21, 2020, Brooks-Hayzlett submitted both a claim for

the death benefit under the Policy and a change of beneficiary form allegedly signed by the

Decedent on September 15, 2018, naming her the sole beneficiary of the Policy.  (Compl. ¶¶ 13-

14).   American General has no record of receiving the September 15, 2018, change of

1

beneficiary form before Brooks-Hayzlett sent it.  (Compl. ¶ 15).  American General has expressed doubts regarding the authenticity of the September 15, 2018, change of beneficiary form because the alleged signature of Decedent on that form does not match previous signatures of Decedent.  (Compl. ¶ 15).  Further, Brooks-Hayzlett has submitted an additional change of beneficiary form allegedly signed on September 20, 2018.  (Compl. ¶ 15).

On May 1, 2020, American General requested a copy of any letter sent by American General to Decedent confirming that Brooks-Hayzlett was named as primary beneficiary. (Compl. ¶ 16).  Brooks-Hayzlett has not provided such letter.  (Compl. ¶ 16).  On June 18, 2020, Jacobson submitted a claim for the Policy death benefit.  (Compl. ¶ 17).  American General then filed this action seeking interpleader relief and deposited the funds into the registry of the Court. (Compl. ¶ 27).  Jackson now moves to transfer this matter to the U.S. District Court for the District of South Dakota.  (Def.'s Mot. Change Venue 1-2, DN 12).

## II.    JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335.

## III.    STANDARD OF REVIEW

A district court may transfer any civil action to any other district where it might have been brought for the convenience of parties and witnesses and in the interest of justice.  *See* 28 U.S.C. § 1404(a).  When a cause involves an interpleader action, however, 28 U.S.C. §§ 1335 and 1397 determine proper venue.  The district court has original jurisdiction of any civil action of interpleader filed by someone in possession of $500 or more if there are two or more adverse claimants laying claim to the money, and if the plaintiff has deposited said money into the registry of the court.  *See* 28 U.S.C. § 1335(a).  Any civil action of interpleader under Section 1335 may be brought in the judicial district which one or more of the claimants reside.  *See* 28

U.S.C. § 1397.  A court will grant a motion to transfer jurisdiction when the moving party proves by a preponderance of the evidence that the new forum sought will be more convenient to the parties.  *See Lincoln Nat'l Life Ins. Co. v. Harnett*, No. 2:13-cv-02906-JTF-tmp, 2014 U.S. Dist. LEXIS 189559, at *19 (W.D. Tenn. July 1, 2014).  "If the court determines that the motion to transfer will only shift the inconvenience of the forum from one party to the other, then the district court will not grant the motion."  *Id.* at *18.

## IV.   <u>DISCUSSION</u>

Jacobson moves to change venue, reasoning that she is not responsible for creating the present dispute.  (Def.'s Mot. Change Venue 1).  Jacobson points out the Complaint notes the questionable origin of Brooks-Hayzlett's change of beneficiary form and argues she has done nothing to justify subjecting her to the disadvantage of litigating in the Western District of Kentucky.  (Def.'s Mot. Change Venue 1-2).  Jacobson lives in South Dakota, and contends that equity and fairness require that she should not have to litigate in a forum so inconvenient and far away.  (Def.'s Mot. Change Venue 1-2).

A court must examine several case-specific factors before determining whether to grant or deny a motion to change venue.  *Lincoln Nat'l Life Ins. Co.*, 2014 U.S. Dist. LEXIS 189559, at *19.  In *Lincoln National Life Insurance Co.*, the insurance company filed an interpleader action to determine the proper beneficiary of a life insurance policy after conflicting claims arose for the death benefits of a policy.  The defendant moved to change the venue from the Western District of Tennessee to the Middle District of Florida, claiming that Florida was the more convenient and fair forum because the beneficiary change did not happen in Tennessee, the owners of the policy lived and died in Florida, and the relevant documents were signed in Florida.  The court listed several case-specific factors to be evaluated when determining whether

to grant or deny a motion to change venue in the context of determining the proper beneficiaries of a life insurance policy. *Id.* at *19-20. The court instructed that the important factors to consider in this type of case were: "(1) plaintiff's choice of forum, (2) convenience of the parties, and (3) trial efficiency and interest of justice." *Id.* at *20 (citation omitted). The court noted that it had broad discretion in considering public interest concerns, such as systemic integrity and fairness, which fit under the umbrella of "interests of justice." *Id.* at *16. After weighing these three factors, the court found that defendant had met her burden and denied the motion to change venue. *Id.* at *21.

Jacobson's motion to change venue in this instance would only shift the inconvenience of the forum from Jacobson to Brooks-Hayzlett. Like *Lincoln National Life Insurance Co.*, the present case is an interpleader action determining the primary beneficiary of the death benefit of a policy involving questioned change of beneficiary documents. The first *Lincoln National* factor to weigh is the plaintiff's choice of forum; American General likely chose the Western District of Kentucky because the Decedent, who owned the Policy, lived and died in this District, and Brooks-Hayzlett currently resides in this District. The second factor to consider is the convenience of the parties. The current forum is inconvenient for Jacobson because she lives in the District of South Dakota, which means she must travel over 1000 miles to litigate in the current forum; however, this current forum is convenient for Brooks-Hayzlett because she resides in here. With regard to the third *Lincoln National* factor of trial efficiency and interests of justice, Jacobson's inconvenience of having to litigate 1000 miles from her home would only be transferred to Brooks-Hayzlett by changing venue. Granting this motion would not increase efficiency; rather, it would add an unnecessary step into the trial process.

When reviewing these three factors together, granting the motion would ignore American General's choice of forum and only shift the inconvenience from Jacobson to Brooks-Hayzlett, which can hardly be characterized as efficient.  Further, granting the motion would not promote the interests of justice such as systemic integrity and fairness.  It would be unfair to ignore American General's chosen forum and shift the inconvenience of traveling a great distance to litigate onto Brooks-Hayzlett.

Courts accord less deference to a plaintiff's chosen forum when the forum does not have a strong connection with the locus of operative facts.  *Payless Shoesource, Inc. v. Avalon Funding Corp.*, 666 F. Supp. 2d 356, 363 (E.D.N.Y. 2009).  In *Payless Shoesource, Inc.*, Payless hired Avalon as a general contractor; Avalon ceased paying its subcontractors and Payless withheld payment to Avalon until the subcontractors were paid.  *Id*. at 359.  When Payless filed an interpleader action depositing the disputed funds with the court, Avalon moved to change venue from the Eastern District of New York to the Central District of California.  *Id.* at 359-60.  In denying Avalon's motion to change venue from New York to California, the court listed several factors to consider, including "the locus of operative facts and relative ease of access to sources of proof . . . ."  *Id.* at 362 (citations omitted).  Ultimately, the court held that the plaintiff's chosen forum generally receives less deference when the forum does not have a strong connection with the locus of operative facts.  *Id.* at 363, 365.

The locus of operative facts in the instant matter lies within American General's chosen forum of the Western District of Kentucky.  Decedent, who owned the Policy, lived and died in this District, and a claimant of the death benefit, Brooks-Hayzlett, resides in this District.  The only connection this dispute has to South Dakota is the fact that Jacobson resides there.  Brooks-Hayzlett's alleged culpability concerning the change of beneficiary form favors the current

5

forum rather than transferring the case to South Dakota.  Jacobson argues that the dispute was raised because of the questionable origin of Brooks-Hayzlett's change of beneficiary form; if true, Brooks-Hayzlett's involvement in the change of beneficiary form is central to this case. Thus, given the locus of operative facts lies within this District and courts give deference to the plaintiff's chosen forum if it has a strong connection to the locus of operative facts, Jacobson's motion will be denied.

V.    **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Change Venue (DN 12) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 20, 2021

cc:    counsel of record

6